**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

   **v.**               **Criminal Action No. 1:06CR67**

**CRYSTAL DAWN MARTIN,**
   **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Crystal Dawn Martin, in person and by counsel, Jennifer M. McGinley, appeared before me on November 13, 2006. The Government appeared by David E. Godwin, its Assistant United States Attorney.

  Thereupon, the Court proceeded with the Rule 11 proceeding by the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

  Thereupon the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and

consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Crystal Dawn Martin, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Six of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Six of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon

her conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) year but not more than sixty (60) years; understood the maximum fine that could be imposed was $4,000,000; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least twelve (12) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated August 22, 2006, and signed by her on October 25, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Six of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to §§ 6B1.4 and 1B1.3 and § 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant with regard to the indictment is from 5 kilograms to 15 kilograms of cocaine.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her Guilty plea.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in Count Six of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her waiver of her appellate rights as contained in the written plea agreement, and determined she understood those rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Six of the Indictment, including the elements the United States would have to prove at trial, charging her with distribution of cocaine within 1000 feet of a protected area (Adamston Elementary School); in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and 860.

The undersigned then heard the testimony of J.W. Smith and Defendant's allocution as to why she believed she was guilty of the offense charged in Count Six of the Indictment.

Mr. Smith testified he is an officer with the West Virginia State Police Bureau of Criminal Investigations. He worked on the investigation of Defendant's case. He personally worked on the investigation of the conduct charged in Count Six of the Indictment. On December 7, 2005, Trooper Smith was working undercover. Several telephone calls were place between Defendant and himself, negotiating his purchase of $100.00 worth of cocaine. Defendant then called Trooper Smith and told him to meet her at the Dairy Mart on West Pike Street in Adamston. Trooper Smith, working undercover, met with Defendant at the Dairy Mart and purchased a quantity of cocaine in exchange for $100.00. Trooper Smith sent the substance to the West Virginia State Police Laboratory where it was confirmed to be .56 grams of cocaine. Trooper Smith testified that the Dairy Mart is within 1000 feet of Adamston Elementary School.

Defendant stated under oath that she did not disagree with any of Trooper Smith's testimony. Thereupon, Defendant, Crystal Dawn Martin, with the consent of her counsel, Jennifer M. McGinley, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Six of the Indictment.

Defendant testified that she believed she was guilty of the crime charged in Count Six of the Indictment because she met Mr. Smith at the Dairy Mart and sold him cocaine in exchange for currency. She set up the location where the transaction took place and does not dispute that the Dairy Mart is within 1000 feet of Adamston Elementary School.

The undersigned United States Magistrate Judge concludes the offense charged in Count Six of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Trooper Smith's testimony and Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Six of the Indictment; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Trooper Smith and Defendant's allocution.

The undersigned concludes that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Six of the Indictment. The undersigned also concludes that an independent basis in fact supports the plea and therefore recommends Defendant's plea of guilty to the felony charge contained Count Six of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation

Report, and that the Defendant be adjudged guilty on said charge as contained in Count Six of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It is further **ORDERED** that Defendant be returned to the custody of the State of West Virginia pending further proceedings in this case.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 13th day of December, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE